# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIAN ZUBEK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 04 C 5399 |
| ) | |
| CITY OF CHICAGO, ) | Judge Virginia M. Kendall |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Marian Zubek ("Plaintiff") filed an Amended Complaint under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1981 and 1983 alleging that the City of Chicago ("Defendant") discriminated against him on the basis of religion, race, and national origin. Defendant has moved to dismiss Plaintiff's Amended Complaint for failure to state a claim under Rule 12(b)(6) or, alternatively, for a more definite statement under Rule 12(e). Defendant's Motion to Dismiss is granted in part and denied in part. Plaintiff's § 1981 and § 1983 claims are dismissed because he has not alleged a policy of discrimination. Plaintiff's Title VII claims for discrimination based on national origin and race are dismissed because they are outside the scope of his EEOC charge. Plaintiff's Title VII religious discrimination claim survives, but alleged discriminatory acts not occurring between March 12, 2004 and June 4, 2004 are also outside the scope of Plaintiff's EEOC charge and therefore are dismissed.

## Background

Plaintiff is a Caucasian, Catholic male of Polish origin. (Am. Compl. ¶ 12.) Between 2002 and February 2005, Plaintiff filed approximately twenty job applications with various departments of the City of Chicago. (*Id*.) The City did not hire Plaintiff for any of the positions

to which he applied. (*Id*.) On June 4, 2004, Plaintiff filed a charge against the City of Chicago with the Equal Employment Opportunity Commission ("EEOC"). (Def.'s Mot. to Dismiss Pl.'s. Am. Compl., Ex. B.) The charge asserted that the City of Chicago, in not hiring him, "discriminated against [him] on the basis of [his] religion, non Jewish, in violation of Title VII of the Civil Rights Act of 1964." (*Id*.) On June 18, 2004, the EEOC issued Plaintiff a Notice of Right to Sue, which advised Plaintiff that he must sue within ninety days of receipt of the notice. (*Id*. at Ex. A.) Plaintiff filed his original Complaint against the City of Chicago on August 17, 2004. Plaintiff filed his current, Amended Complaint on February 21, 2006, alleging that Defendant discriminated against Plaintiff on the basis of his national origin, race, and religion. (Am. Compl. ¶ 8(a)-(c).) Plaintiff also alleged that Defendant brought a "criminal case in retaliation against him for the job applications that he filed with Defendant." (Am. Compl. ¶ 8(d).)

## DISCUSSION

When considering a motion under Rule 12(b)(6), a court must take as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). A Rule 12(b)(6) motion will not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *see Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (stating that "[m]atching facts against legal elements comes later"). Any conclusions pleaded, however, must "provide the defendant with at least minimal notice of the claim." *Kyle v. Morton High School,* 144 F.3d 448,

455 (7th Cir. 1998); *see Sanjuan*, 40 F.3d at 251 ("One pleads a 'claim for relief' by briefly describing the events"). This minimal notice requirement applies even to claims alleging municipal liability. *See McCormick v. City of Chicago*, 230 F.3d 319, 323 (7th Cir. 2000), citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993).

1.  **Title VII Claims**

Title VII makes it unlawful for an employer to "fail or refuse to hire. . . any individual. . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff has alleged that the City failed to hire him on the basis of his race, religion, and national origin. (Am. Compl. ¶ 8(a)-(c).) In order to maintain a claim under Title VII, a party must exhaust administrative remedies. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). To exhaust, the party first must file a charge with the EEOC within 300 days of the alleged discriminatory act. *Rush*, 966 F.2d at 1110; *Filipovic v. K&R Express Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999). After the EEOC investigates the allegation, it will issue a right to sue letter. *Rush*, 966 F.2d at 1110. The party then must bring suit within ninety days of receiving the letter, or he forfeits his right to sue. *See* 42 U.S.C. §2000e-5(f)(1). As a general rule, a plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). In this way, the EEOC charge limits the scope of the judicial complaint. *See id.*; *Rush*, 966 F.2d at 1110; *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983) (stating that the "starting point for determining the permissible scope of a judicial complaint is the EEOC charge and investigation"). The limited scope ensures that the employer gets notice of the conduct about which the employee is aggrieved and guarantees that the EEOC and the employer have an

3

opportunity to settle the dispute. *Cheek*, 31 F.3d at 500.

Plaintiff's Amended Complaint alleges discrimination based on national origin, race, and religion. Plaintiff's charge to the EEOC, on the other hand, referenced only religious discrimination, both in his hand-written narrative, as well as on the form in the box that he checked describing his claim. Plaintiff's failure to check the boxes for national origin and race discrimination on the EEOC charge is not in itself fatal to his claims of discrimination based on race and national origin. *Jenkins v. Blue Cross Mutual Hosp. Ins., Inc.*, 538 F.2d 164, 167, 169 (7th Cir. 1976) (en banc). Rather, the crucial element used to determine the scope of the charge is the allegations in the factual narrative. *Id*. A plaintiff can sue for claims not included in the EEOC charge if the claims are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* at 167. In *Jenkins*, the plaintiff only checked the EEOC form box indicating that she experienced discrimination based on "Race or Color." *Id.* at 168. Nonetheless, because a claim for sex discrimination reasonably grew out of the allegations in her narrative, she was permitted to bring a sex discrimination claim in her complaint. *Id.* at 165, 169 (narrative stated that her superior "also accused [her] of being a leader of the girls on the floor"). The issue, therefore, is whether Plaintiff's claims of race and national origin discrimination are reasonably related and grow out of the allegations in his charge.

Plaintiff alleged in his charge that "I have been denied hire with the City of Chicago . . . I believe that I have been discriminated against on the basis of my religion, non Jewish." We start with the understanding that EEOC charges should be construed liberally because they are completed by laypersons. *See Cheek*, 31 F.3d at 500; *Jenkins*, 538 F.2d at 167-68. This liberal construction, however, must be balanced against the purposes of the administrative process. In each case of alleged discrimination, the The purpose of the charge form is to give both the EEOC

and the employer notice of the claims alleged. *Rush*, 966 F.2d at 1111. In *Rush*, the plaintiff was prohibited from bringing a claim for racial harassment because, unlike her racial discrimination claim, she failed to bring the racial harassment issue to the attention of the EEOC in her charge. *Id.* at 1111. The Seventh Circuit held that "[s]ome detail, beyond a statement that 'I believe I have been discriminated against because of my race, Black' is necessary to allow the agency to perform its statutory duty." *Id.*

Plaintiff's narrative on his EEOC charge, which uses language nearly identical to *Rush*, does not mention race or national origin. Even construing Plaintiff's EEOC charge liberally, it focuses exclusively on religious discrimination, and no claim of race or national origin discrimination reasonably grows out of his charge or the facts alleged to support it. *See Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 575 (7th Cir. 1998) (finding that a disability discrimination claim did not grow out of an age discrimination claim because Plaintiff's "factual allegations could only support one kind of discrimination--discrimination based on age"). Because Plaintiff's allegations in his charge lack any specificity or detail regarding discrimination based on race or national origin, he provided no notice to the EEOC and the City of Chicago that discrimination based on race and national origin were issues for investigation and conciliation efforts. *See Peters v. Renaissance Hotel Operating Co.* 307 F.3d 535, 550 (7th Cir. 2002) (given that "one of the purposes of the charge is to alert employer to the offending behavior, we believe that [Plaintiff's] failure to mention any type of protected activity or identify retaliation as a basis for his charge precludes him from relying on the original charge of discrimination as a basis for a retaliation claim"). Consequently, Plaintiff is precluded from raising those claims in this lawsuit.

Last, Plaintiff alleges that information outside of his charge should expand its scope and

5

allow his claim of national origin discrimination. To begin, Plaintiff has not provided any documents containing this additional information. Presuming, however, that he is referencing his EEOC intake questionnaire, it is the charge rather than the questionnaire that matters. *See Novitsky v. Am. Consulting Engineers, L.L.C.*, 196 F.3d 699, 702 (7th Cir. 1999) (citing 42 U.S.C. § 2000e-5(b)). The primary purpose of the charge is to promote conciliation; since only the charge is sent to the employer, only it can achieve this purpose. *Id*. Regardless of his understanding of the charge or who drafts it, once the plaintiff signs the charge, it becomes his charge. *Id.* at 702-03. Although certain "equitable considerations" may sometimes warrant looking beyond the formal EEOC charge, *id.* at 703, no evidence supporting such equitable consideration has been submitted here. Accordingly, Plaintiff's national origin and race discrimination claims must be dismissed.

Thanks to the liberal notice pleading standards of the Federal Rules, Plaintiff has pleaded a claim for religious discrimination by listing the adverse employment actions and their alleged discriminatory basis. *See Kolupa v. Roselle Park District*, 438 F.2d 713, 714 (7th Cir. 2006) ("It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate"). While Plaintiff's religious discrimination claim survives, the dates listed on his EEOC charge limit the scope of his charge, which in turn limits the permissible scope of his complaint. *Fernando v. Rush-Presbyterian-St.Luke's Med. Center*, 882 F.Supp. 119, 123 (N.D. Ill. 1995) (granting defendant's motion to dismiss as to wrongs beyond the dates listed in the EEOC charge). Plaintiff's complaint can include only allegations of discriminatory acts occurring within the dates listed on his EEOC charge. *Id*. Because Plaintiff's charge lists the dates discrimination took place as between March 12, 2004 and June 4, 2004, his complaint is limited accordingly.

6

Plaintiff's complaint is limited to the scope of his EEOC charge. Because Plaintiff did not include race and national origin discrimination on his charge, and they are not reasonably related to the facts alleged in his charge of religious discrimination, they fall outside the permissible scope of his complaint. Although Plaintiff pleaded adequately a claim for religious discrimination under Title VII, he may not complain of acts outside of the dates listed in his EEOC charge – March 12, 2004 to June 4, 2004.

**2.      Sections 1981 and 1983 Claims**

A city, as an employer, is subject to suit for alleged discrimination not only under Title VII, but also under 42 U.S.C. §§ 1981 and 1983. *See Trigg v. Fort Wayne Cnty. Sch.*, 766 F.2d 299, 302 (7th Cir. 1985) (holding that Title VII and 42 U.S.C. § 1983 are distinct causes of action; plaintiffs can pursue claims under either statute individually or under both statutes simultaneously). In order to sue under §§ 1981 and 1983, plaintiffs must satisfy certain prerequisites that are not required to bring suit under Title VII. *See Collier v. Clayton County Cmty. Service Bd.*, 236 F. Supp. 2d 1345, 1374 (N.D. Ga 2002); *see also Moore v. City of Chicago*, 1997 WL 163995 (N.D. Ill. 1997) (dismissing §§ 1981 and 1983 claims against the City for failure to establish an official policy of discrimination while allowing Title VII claims to stand against the City). Under §§ 1981 and 1983, the City cannot be liable under a theory of respondeat superior. *Monell v. Dep't of Social Servs.*, 436 U.S. 68, 690-91 (1978). Instead, the municipality's policy itself must be the source of the discrimination. *Id.* at 691; *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 734 (7th Cir. 1994).

Generally speaking, claims for municipal liability are not subject to a heightened pleading standard. *See McCormick*, 230 F.3d 324. A plaintiff must only provide the defendant with "fair notice of what the [plaintiff's] claims are and the grounds upon which they rest."

7

*Fogarty v. City of Chicago*, 2002 WL 989452, *7 (N.D. Ill. 2002) (quoting *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002)). In municipal liability, fair notice includes notice of the alleged policy of discrimination. To allege adequately a policy that violates an individual's civil rights, a plaintiff must plead: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice, that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Baxter*, 26 F.3d at 734-35. Plaintiff did not allege an express policy, nor did he implicate an individual responsible for policymaking. Thus, Plaintiff must rely on the second option, a widespread practice so permanent as to constitute a custom, to establish the City's policy.

A municipal "custom" may be established by proof of the knowledge of policymaking officials and their acquiescence to the established practice. *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 511 (7th Cir. 1993). The longstanding or widespread nature of a particular practice allows the inference of knowledge of and acquiescence to a practice. *Id*. A plaintiff must allege a specific pattern or series of incidents that support the general allegation of a custom or policy; alleging one specific incident will not suffice. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir. 1986). Likewise, a plaintiff's own isolated experiences are insufficient to establish custom. *Nebel v. City of Burbank*, 2003 WL 1606087, *6 (N.D. Ill. 2003); *Wyrick v. City of Chicago*, 2001 WL 293082, *2 (N.D. Ill. 2001)*; Watson v. Village of Glenview*, 2000 WL 283977, *3 (N.D. Ill. 2000)*.

Plaintiff has not alleged a policy for the purposes of municipal liability. Plaintiff relies solely on his own experiences to allege discrimination, basing his claim on the City's denial of

his twenty job applications. Absent allegations of discrimination in addition to Plaintiff's own experiences, the court cannot infer the existence of a widespread practice or custom. *Watson*, 2000 WL 283977 at * 3. Plaintiff therefore has failed to establish a policy of discrimination, and his §§ 1981 and 1983 claims must be dismissed.

## CONCLUSION AND ORDER

Wherefore, Defendant's Motion to Dismiss under Federal Rule 12(b)(6) for failure to state a claim is granted in part and denied in part. Plaintiff's §§ 1981 and 1983 claims are dismissed without prejudice based on his failure to plead a policy of discrimination. Plaintiff's claims under Title VII for national origin discrimination, race discrimination and religious discrimination based on alleged discriminatory conduct occurring before March 12, 2004 and after June 4, 2004 are dismissed with prejudice because they are beyond the scope of his EEOC charge. Defendant's Motion to Dismiss as to Plaintiff's Title VII claim of religious discrimination is denied as to the dates listed on Plaintiff's EEOC charge. Plaintiff is granted leave to file an Amended Complaint within 14 days on his claims.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: July 5, 2006